UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00183-GNS-LLK

KENNIFER DEWAYNE MAJORS                                          PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Amended Objection (DN 38) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 34). For the reasons that follow, Plaintiff's objection is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (R&R) is **ADOPTED**.

I.     **BACKGROUND**

A.     **Statement of Facts**

On September 17, 2015, Plaintiff Kennifer Dewayne Majors ("Majors") applied for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") alleging a disability onset date of May 13, 2014. (Admin. R., DN 13; R&R 2, DN 34).[1] These claims were initially denied in 2016, and Majors then appeared for a hearing before Administrative Law Judge Stacey L. Foster ( "ALJ") on January 11, 2018. (Admin. R. 13).[2] Following the hearing, the ALJ applied the familiar five-step sequential process established by the Social Security Administration. First, the ALJ found that Majors had not engaged in substantial gainful

---

[1] Majors was last insured for DIB purposes on December 31, 2016. (Admin. R. 14; R&R 2).
[2] Majors also previously filed for DIB, which was denied by an ALJ on May 12, 2014. (Admin. R. 13).

1

activity since May 13, 2014. (Admin. R. 16; R&R 3). Second, the ALJ determined that Majors was suffering from several severe impairments: psoriatic arthritis, obesity, peripheral neuropathy, left ankle capsulitis, osteoarthritis, noninsulin dependent diabetes mellitus, coronary artery disease, anxiety, and depression.[3] (Admin. R. 16; R&R 3). Third, although Majors had severe impairments, the ALJ concluded that the impairments did not meet or equal the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (Admin. R. 16-18; R&R 3). As required, the ALJ also set forth her findings on Majors' residual functional capacity (RFC), which generally allowed him to perform sedentary work and "occasionally climb ramps, stairs, ladders, ropes, and scaffolds . . . frequently stoop, kneel, crouch, and crawl . . . [and] frequently handle and finger."[4] (Admin R. 18; R&R 3). Fourth, the ALJ found that Majors is unable to perform any past relevant work. (Admin. R. 24; R&R 3). Fifth, the ALJ determined that Majors was not disabled prior to August 16, 2017. (Admin. R. 25; R&R 3-4). Majors became disabled, however, when his age category changed on his fiftieth birthday on August 16, 2017. (Admin. R. 26; R&R 3-4). This decision was reached via an application of Medical-Vocational Rule 201.14, 20 C.F.R. Part 404, Subpart P, App. 2, Tables 1-3 ("Rule 201.14"). (Admin. R. 26). As such, Majors was not eligible for DIB because he was not insured at that time, but he was entitled to SSI with a disability onset date of August 16, 2017. (Admin. R. 26).

---

[3] Majors' disability claims are premised more on his physical impairments than his mental impairments. (Admin. R. 16).
[4] The ALJ found that Majors' medical condition had deteriorated since May 12, 2014, which allowed the more recent RFC determination to diverge from the previous one. (Admin. R. 19, 23); *see Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 843 (6th Cir. 1997).

2

B. **Procedural History**

On December 28, 2018, Majors filed a Complaint in this Court for judicial review of the decision of acting Commissioner Nancy A. Berryhill (the "Commissioner")[5] via the ALJ. (Compl., DN 1). Majors subsequently filed a fact and law summary as well as a memorandum in support of that summary. (Pl.'s Fact & Law Summ., DN 18; Pl.'s Mem. Supp. Fact & Law Summ., DN 23). The Commissioner filed two fact and law summaries in response. (Def.'s Fact & Law Summ. #1, DN 31; Def.'s Fact & Law Summ. #2, DN 33). On January 23, 2020, the Magistrate Judge issued his R&R recommending dismissal of Majors' Complaint. (R&R 7). Majors objected. (Pl.'s Obj. R&R, DN 38).[6]

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

Objections to a Magistrate Judge's R&R are reviewed de novo by the district court. 28 U.S.C. § 636(b). The Commissioner of Social Security makes the initial determination as to whether a claimant is disabled and thereby entitled to benefits under the Social Security Act. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)). The Commissioner's decision must be upheld by the district court if it "is supported by substantial evidence and was made pursuant to proper legal standards." *Id*. (citations omitted). "Substantial evidence" for review purposes means "more than a scintilla of evidence but less than a

---

[5] Andrew Saul has since replaced Berryhill as the Commissioner of Social Security.
[6] Majors filed both an Objection (DN 37) and an Amended Objection (DN 38) on the same day. This Court will consider the amended objection.

3

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). The Court need not agree with the Commissioner's finding; rather, the finding need only be substantially supported in the record. *Rodgers*, 486 F.3d at 241 (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)). When making this determination, the court must consider the record as a whole, but it should not resolve conflicts in evidence or decide questions of credibility. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Finally, "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).

## IV.    **DISCUSSION**

The Magistrate Judge interpreted Majors' fact and law summaries as raising six arguments: (1) the ALJ incorrectly determined that, prior to August 16, 2017, Majors could frequently handle and finger in light of the testimony of Dr. Jeffrey Henson ("Dr. Henson"); (2) the findings of treating rheumatologist, Dr. Asad Fraser ("Dr. Fraser"), showed that prior to August 16, 2017, Majors could (at most) only occasionally handle and finger; (3) the ALJ's evaluation of Majors' testimony of handling/fingering/gripping limitations was not supported by substantial evidence; (4) the controlling vocational hypothetical was incomplete because it did not contemplate the handling/fingering/gripping limitations to which Majors testified; (5) in finding Majors disabled as of August 16, 2017 (his fiftieth birthday) but not earlier, the ALJ improperly applied Rule 201.14 in a mechanical manner; and (6) the ALJ failed to evaluate Majors' cardiac impairments under Listing 4.00 Cardiovascular System Disorder. (R&R 4-7). The Magistrate Judge considered

each of these arguments and found them to be unpersuasive, ultimately recommending dismissal of Majors' Complaint. (R&R 7).

Majors responded with three objections: (1) the R&R incorrectly accepted the ALJ's determination that Majors can perform sedentary work requiring the frequent use of his hands; (2) the R&R incorrectly found that the ALJ's application of Rule 201.14 was not impermissibly mechanical; and (3) the R&R incorrectly found that the cardiac impairment argument was waived. (Pl.'s Obj. R&R 1-4).

### A. Sedentary Work Requiring Hand Use

The ALJ's RFC determination in relevant part found that Majors could "frequently handle and finger" and was therefore not disabled prior to August 16, 2017, because he retained the ability to perform a significant number of unskilled, sedentary jobs in the national economy, such as bench assembler, blower/stuffer, and dial maker. (Admin. R. 18, 25; R&R 3-4). Majors' arguments that this RFC determination was incorrect initially focused on the findings of Dr. Henson and Dr. Fraser, but the Magistrate Judge found that those medical opinions did not contradict the ALJ's ultimate conclusion. (Pl.'s Fact & Law Summ. 3-4; R&R 4-6). Majors did not object to this determination.

Majors next argued that the ALJ's determination was contradicted by the testimony of Vocational Expert James B. Adams ("VE Adams"), who opined that there would not be sedentary jobs available for a hypothetical claimant who could only perform "occasional handling and fingering." (Admin. R. 60; Pl.'s Fact & Law Summ. 3-4). As noted by the Commissioner, however, Majors' reliance on this hypothetical is inapposite because the ALJ found that Majors was capable of performing *frequent* handling and fingering, not *occasional* handing and fingering. (Admin. R. 18; Def.'s Fact & Law Summ. #2, at 12). *See Masters v. Comm'r of Soc. Sec.*, 707 F.

5

App'x 374, 380 (6th Cir. 2017) ("While it is true that an ALJ may rely on a VE's response to a hypothetical question only if the question accurately portrays the claimant's impairments, the 'ALJ is required to incorporate only those limitations that he or she accepted as credible.'" (quoting *Lester v. Soc. Sec. Admin.*, 596 F. Appx. 387, 389-90 (6th Cir. 2015))).

Majors' objection on this point merely repeats his contention that the ALJ should have relied on the hypothetical of VE Adams because Majors had a "continuing difficulty in gripping items over a period of years encompassing his disability period." (Pl.'s Fact & Law Summ. 1-2). In support, Majors does little more than cherry-pick a few details from the voluminous medical record. (Pl.'s Fact & Law Summ. 2). It is Majors' burden, however, to prove that the ALJ's determination was not supported by substantial evidence, not merely to show that there is *some* evidence in the record to support a different outcome. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (holding that administrative findings "are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994))). Moreover, the ALJ carefully reviewed the medical evidence and determined that Majors could frequently handle objects. For instance, the ALJ noted that Dr. Henson concluded that Majors had "no range of motion deficits with full and equal grip strength bilaterally . . . full and equal strength and sensation in the bilateral upper extremities . . . ." (Admin. R. 20, 635). The ALJ further highlighted that Dr. Fraser repeatedly noted that when Majors took his prescribed medication, Humira, he had marked improvement in his psoriatic arthritis and plaque psoriasis. (Admin. R. 21-22).

In conclusion, Majors' contention that the ALJ ignored the recommendation of VE Adams is unpersuasive because Majors has not demonstrated that the aforementioned hypothetical

actually applies to his situation. To do so, Majors would need to show that the ALJ's RFC determination was not supported by substantial evidence. He has not met this burden.

B. <u>**Mechanical Application of Rule 201.14**</u>

As noted, the ALJ's determination that Majors' disability onset date began on his fiftieth birthday on August 16, 2017, was based on an application of Medical-Vocational Rule 201.14. This rule provides:

> [A] person (1) who is "closely approaching advanced age" (that is, a person between the ages of fifty and fifty-four, *see* 20 C.F.R. § 404.1563(d)), (2) who has a high school education that does not provide for direct entry into skilled work, and (3) whose previous work experience was skilled or semiskilled work that is not transferable to other jobs in the national economy, is generally considered disabled only if her impairments limit her 'maximum sustained work capability' to sedentary work."

*Rogers v. Comm'r of Soc. Sec.*, 225 F.3d 659, 2000 WL 799332, at *1 (6th Cir. 2000) (discussing Rule 201.14). Majors argues that the ALJ's application of this rule to begin exactly on Majors' fiftieth birthday was a mechanical application of the rule in violation of 20 C.F.R. § 416.963 and 20 C.F.R. § 404.1563. (Pl.'s Mem. Supp. Fact & Law Summ. 8). These regulations provide, in relevant part:

> We will not apply the age categories mechanically in a borderline situation. If you are *within a few days to a few months* of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case."

20 C.F.R. § 416.963(b); 20 C.F.R. § 404.1563(b); (emphasis added). Majors argues that application of these regulations would allow a finding of disability on or before December 31, 2016, the last day that Majors was insured for DIB purposes and roughly 7.5 months before his fiftieth birthday. (Pl.'s Mem. Supp. Fact & Law Summ. 8). The Magistrate Judge rejected this

argument because the ALJ granted, rather than denied benefits here, and because 7.5 months is not properly characterized as a "few months away." (R&R 7).

Majors' points out that Black's Law Dictionary defines "few" as "Not many; of a small number," and that 7.5 months could therefore still be considered a small number. (Pl.'s Obj. R&R 2). Case law, however, does not support Majors' reading of "few." *See Blackburn v. Comm'r of Soc. Sec.*, 748 F. App'x 45, 49 (6th Cir. 2018) (rejecting the argument that six months was a borderline situation that necessitated placement in the higher age category under 20 C.F.R. § 404.1563(b), especially when claimant did not possess "additional vocational adversity"); *Cheirs v. Astrue*, No. 5:07-CV-126, 2008 WL 2002276, at *6 (W.D. Ky. May 7, 2008) (holding that five months is not a "few" without additional showings by the claimant). As such, Majors has not shown that the ALJ misapplied Rule 201.14.

### C. Cardiac Impairment Under Listing 4.00

Next, the ALJ found that, even though Majors suffered from coronary heart disease, his condition did not meet or equal the criteria for Listing 4.00 Cardiovascular System Disorder. (Admin. R. 16). Majors contends that was in error because the ALJ failed to properly consider the medical evidence in the record regarding Majors' cardiac issues. (Pl.'s Mem. Supp. Fact & Law Summ. 9). The Magistrate Judge rejected this argument as perfunctory because Majors did not explain which Cardiovascular Systems Listing his impairment should have met. (R&R 7). Majors' objection to this determination argues primarily that there was not sufficient evidence in the record for him to specifically show which Listing applied to Majors. (Pl.'s Obj. R&R 3).

Majors argument on this point misses the mark. The Commissioner and the Magistrate Judge are correct that Listing 4.00 is merely introductory and is not itself a Listing. *See Hope v. Saul*, No. 3:18-CV-121-HBG, 2019 WL 4451204, at *5 (E.D. Tenn. Sept. 17, 2019). Majors

8

nowhere indicates a more specific Listing that applies to his case. This unsupported assertion is insufficient to warrant reversal of the ALJ's determination. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). Furthermore, Majors' claim that this line of evidence was not sufficiently developed to allow application to a specific Listing misstates the burden here. (Pl.'s Obj. R&R 3). After all, it was Majors' burden to prove his disability in the first place and to specifically demonstrate that his impairments matched the Listing criteria. *See* 20 C.F.R. § 404.1512(a)(1) ("In general, you have to prove to us that you are blind or disabled."); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) ("[A] claimant has the burden of demonstrating that her impairment meets or equals a listed impairment.").[7] As such, the ALJ's finding in this respect is supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Amended Objection (DN 38) is **OVERRULED**, and the R&R (DN 34) is **ADOPTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 6, 2020

cc: counsel of record

---

[7] The Commissioner also explains in detail why Majors' cardiac impairments do not satisfy any of the cardiac-related Listings. (Def.'s Fact & Law Summ. #2, at 7-11).

9